UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

LISA L.P.[1],

                Plaintiff,

v.                                                     CASE # 20-cv-00132

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
───────────────────────────────────────────

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | MARY ELLEN GILL, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | QUINN NIBLACK<br>DOGGETT, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.   RELEVANT BACKGROUND

   A.   Factual Background

Plaintiff was born on June 30, 1981 and has at least a high school education. (Tr. 206, 211). Generally, plaintiff's alleged disability consists of anxiety, depression, bipolar disorder, and attention deficit hyperactivity disorder (ADHD). (Tr. 210). Her alleged onset date of disability is August 6, 2016 and her date last insured is June 30, 2020. (Tr. 196).

   B.   Procedural History

On September 22, 2016, plaintiff protectively applied for a period of Disability Insurance Benefits ("SSD") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 78). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On November 6, 2018, plaintiff virtually appeared before the ALJ Gregory M. Hamel who issued a written decision on January 7, 2019, finding plaintiff not disabled under the Social Security Act. (Tr.12-25, 30-60). On December 4, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

   C.   The ALJ's Decision

Generally, in his decision, ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2020.

2. The claimant has not engaged in substantial gainful activity since August 6, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: right rotator cuff tendinitis, major depressive disorder, anxiety disorder and personality disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.15679(c) and 416.967(c) except the claimant can only do occasional overhead reaching with the right (dominant) upper extremity. The claimant also can only focus attention effectively and reliably on simple, routine and repetitive types of tasks. Also, the claimant cannot do tasks that require more than occasional public contact or more than occasional interactions with co-workers.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on June 30, 1981, and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 6, 2016, through the date of the decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-25).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff argues the ALJ's mental RFC is not supported because he gave little weight to all the medical opinion evidence, therefore substituting his own lay judgment. Plaintiff also argues

the ALJ failed to properly develop the record with medical records of individual mental health treatment. (Dkt. No. 5 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

In response, defendant broadly argues substantial evidence supports the ALJ's RFC finding. (Dkt. No. 6 [Def.'s Mem. of Law]). Specifically, defendant asserts the ALJ properly evaluated the opinion evidence in assessing plaintiff's RFC. (Dkt. No. 6 at 9, 14).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. RFC

The residual functional capacity (RFC) is an assessment of "the most [plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). It is within an ALJ's discretion to compare and contrast the various medical opinions, along with all other relevant evidence, to resolve the conflicts in the evidence and determine plaintiff's RFC. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

In his decision, ALJ Hamel found plaintiff was capable of performing a range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that plaintiff could only do occasional overhead reaching with the right (dominant) upper extremity; only focus attention effectively and reliably on simple, routine and repetitive types of tasks; and cannot do tasks that require more than occasional public contact or more than occasional interactions with coworkers. (Tr. 20). Plaintiff asserts the ALJ substituted his lay judgment for that of medical professionals because he accorded little weight to the mental medical opinion evidence and crafted an RFC without reference to any medical opinion evidence. (Dkt. No. 5 at 9).

Contrary to plaintiff's argument, the ALJ's RFC did not need to perfectly correlate with an opinion of record. S*ee Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Here, the ALJ's decision properly addressed plaintiff's mental health treatment history, medications, psychiatric hospitalizations, activities of daily living,

6

and mental medical opinions from Dr. Tzetzo and Dr. Lin, when developing the RFC. (Tr. 22-23). S*ee Kirkland v. Colvin*, No. 15-CV-6002, 2016 WL 850909, at *12 (W.D.N.Y. Mar. 4, 2016) (finding that the ALJ did not err by assessing specific limitations that did not precisely correspond to any medical opinion because the plaintiff's daily activities, treatment history, and a consultative examiner's evaluation supported those limitations).

On January 3, 2017, Dr. Yu-Ying Lin performed a consulting psychiatric evaluation at the request of the state agency. (Tr. 420). Upon examination, plaintiff's recent and remote memory skills appeared mildly impaired due to nervousness in the evaluation; insight was fair; and judgment was poor. (Tr. 422). Dr. Lin opined that plaintiff was mildly limited in maintaining a regular schedule, moderately limited in performing complex tasks independently and needs supervision, moderately limited in making appropriate decisions, and moderately to markedly limited in appropriately dealing with stress. (Tr. 424). ALJ Hamel accorded Dr. Lin limited weight and diligently referenced which parts of the opinion were consistent with findings in other records and which parts were inconsistent. He specifically concluded that the plaintiff's independent performance of activities of daily living justified the limitations in performing complex tasks, making appropriate decisions, and maintaining a regular schedule. However, the ALJ differed with the opinion of moderate to marked limitations in dealing with stress. (Tr. 22). *See Zongos v. Colvin*, No. 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion). The mere fact that the ALJ found some portions of these opinions to be consistent with the evidence as a whole while others were not is not legal error, but rather a proper execution of the ALJ's duty to weigh all evidence and resolve conflicts.

Likewise, the ALJ's discussion of the opinion from H. Tzetzo, M.D., the State agency psychiatric consultant, cited additional exhibits which were consistent with part of the opinion and inconsistent with another. (Tr. 22). In January 2017, Dr. Tzetzo examined the medical record and opined the claimant can do simple work (Tr. 69), which the ALJ found well-supported by claimant's consistently attentive appearance. (Tr. 22). However, the ALJ stated the claimant's history of depression suggested further limitations on social interaction. (*Id.*). *See McLeod v. Berryhill,* Case No. 1:17-CV-00262, 2018 WL 4327814, at *3 (W.D.N.Y. Sept. 11, 2018) (consultative examiner's opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'") (quoting *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017)).

Plaintiff contends the ALJ ignored additional moderate limitations opined by Dr. Tzetzo in a variety of areas based on the mental RFC assessment form completed by the doctor. (Dkt. No. 5 at 9, *citing* Tr. 72-75). As it pertains to the alleged limitations identified by plaintiff, the form states the following:

> The questions below help determine the individual's ability to perform sustained work activities. However, the actual mental residual functional capacity assessment is recorded in the narrative discussion(s), which describe how the evidence supports each conclusion. This discussion(s) is documented in the explanatory text boxes following each category of limitation. (Tr. 72).

Although Dr. Tzetzo assessed moderate limitations in some categories, he referenced the psychiatric review technique (PRT) in the narrative discussion. The PRT narrative section only reflects the opinion that plaintiff can do simple work. (Tr. 69, 72-74).

Plaintiff is clearly incorrect in asserting the ALJ rejected all of the mental medical opinion evidence in formulating the RFC. (Dkt. No. 5 at 10). The ALJ did not give controlling or great

8

weigh to any single opinion, but his RFC did reflect the opinion of moderate limitations to which he accorded weight. (Tr. 22). The Second Circuit has held that moderate limitations in work related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *see Whipple v. Astrue*, 479 Fed. Appx. 367, 370 (2d Cir. 2012) (consultative examiners' findings that plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment); *Saxon v. Colvin*, No. 13-CV-165, 2015 WL 3937206, at *6 (W.D.N.Y. June 26, 2015) ("The ALJ considered the functional limitations suggested by the medical evidence, including plaintiff's moderate limitation in the ability to learn new tasks, perform complex tasks, make appropriate decisions, relate adequately with others, and deal with stress. These limitations are incorporated into the RFC, which limits plaintiff to simple routine tasks in a low stress, low contact environment.").

Indeed, the ALJ did fail to address two medical opinions in his decision. On September 29, 2016, Debora LaBounty, LMHC (licensed mental health counselor) CASAC (credentialed alcoholism and substance abuse counselor) found that plaintiff was not physically/mentally able to maintain employment. (Tr. 457). On April 4, 2017, Tracy Raymer, DNP (doctor of nursing practice) opined that plaintiff was moderately limited in understanding, remembering, and carrying out instructions, maintaining attention and concentration, maintaining socially appropriate behavior without exhibiting behavior extremes, and maintaining basic standards of proper hygiene and grooming. (Tr. 462). DNP Raymer noted that "full-time employment is not advised." (*Id.*).

LMHC LaBounty and DNP Raymer are not acceptable medical sources but other sources under the Regulations and do not require the same deference as opinions from acceptable medical sources. *Ross v. Colvin*, No. 6:13-CV-00755 NAM, 2014 WL 5410327, at *16 (N.D.N.Y. Oct. 21, 2014); *see Bulavinetz v. Astrue,* 663 F.Supp.2d 208, 212 (W.D.N.Y.2009); *Esteves v. Barnhart,* 492 F.Supp.2d 275, 281–82 (W.D.N.Y.2007) (ALJ is under no obligation to weigh a mental health counselor's assessment in determining whether a claimant is disabled). Further, no greater than moderate limitations were opined which as discussed above are consistent with the limitations in the RFC.

While plaintiff may disagree with the ALJ's weighing of the evidence, this does not mean it is erroneous. The Court must be careful not to "substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon de novo review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991); *see Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) (explaining that this Court would be "derelict in our duties" if we "shap[ed] our holding to conform to our own interpretation of the evidence").

### B. Duty to Develop

Plaintiff next asserts the ALJ failed to develop the administrative record with counseling records from Spectrum Health Services. (Dkt. No. 5 at 13). At the hearing, plaintiff's attorney stated there were a number of outstanding records she was waiting on. (Dkt. No. 33-34). Counsel stated that two weeks would be sufficient. (Tr. 58). Within the two weeks after the hearing, over 550 additional pages of evidence were submitted none of which were the Spectrum Health Services records which are the basis of plaintiff's claim here. (Tr. 433-994). At no point did plaintiff or the attorney ask for assistance in obtaining any additional records. The ALJ issued a decision two months after the hearing and no additional records were received, nor were any submitted to the

Appeals Council. The ALJ acted reasonably in exercising his discretion in determining the record was sufficient for adjudication.

To be sure, "the social security ALJ, unlike a judge in a trial, must on behalf of all claimants … affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508509 (2d Cir. 2009) (citations and alterations omitted). However, if the ALJ determines that there is sufficient evidence in the record to make a disability determination, then the ALJ need not obtain additional evidence. *See* 20 C.F.R. §§ 404.1520b(c), 416.920b(c)(explaining that if the ALJ finds the evidence insufficient, the ALJ "may request additional existing records"); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204-05 (3d Cir. 2008) (explaining that the regulations provide that the ALJ will obtain additional evidence only where the ALJ finds that the evidence is inadequate for him to make a determination about whether the claimant is disabled, and providing that "[t]his is an important prerequisite"). The ALJ's decision that the record is sufficient to make a decision is entitled to deference. *See, e.g., Kendrick v. Shalala*, 998 F.2d 455, 457-58 (7th Cir. 1993) (providing that the Commissioner's determination about how much evidence is needed to make a decision is entitled to deference).

Although the ALJ did not have the Spectrum Health Services records that plaintiff's counsel requested additional time to supply, he did have outpatient/inpatient rehabilitation records, emergency department records, a psychiatric evaluation, an internal medicine examination, state agency medical experts' review of records, and office treatment notes. (Tr. 275-994). *See, e.g., Wilson v. Colvin*, 136 F. Supp. 3d 475, 479 (W.D.N.Y. 2015) (noting, in connection with a disability appeal, that "an ALJ does not have an affirmative duty to expand the record *ad infinitum*" and declining to remand where the plaintiff's assertion that additional evidence "could or should have altered the outcome" was "wholly speculative") (citation omitted). These records contained

sufficient information for the ALJ to evaluate the limitations imposed by plaintiff's mental impairments, and therefore, the ALJ fulfilled his duty to develop the record.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 6) is **GRANTED.**

Dated: April 15, 2021         *J. Gregory Wehrman*
Rochester, New York           HON. J. Gregory Wehrman
                              United States Magistrate Judge